UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

SALOMON CHOCRON                                                    Case No..: 21-19627-SMG
                                                                   Chapter 7

_____Debtor_____/

**TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS**

Trustee Sonya Salkin Slott ("Trustee"), by and through her undersigned counsel, hereby files this Objection to Claimed Exemptions ("Objection") of the chapter 7 debtor, Salomon Chocron ("Debtor").

**General Background**

The Debtor initiated this bankruptcy case by filing a Chapter 7 petition for relief on October 4, 2021 (the "Petition Date"). The Trustee was thereafter appointed Chapter 7 trustee for this bankruptcy estate.

The current and operative iteration of Schedule C is contained at ECF #1 (the "Initial Schedules"), and all the specific objections set forth below are directed to exemptions asserted therein.

**The Claimed Exemptions at Issue**

The Objection is directed to the asset(s) described by the Debtor as:

1.      "Household Goods and Furnishings- Owned TBE with non-filing spouse. See attached inventory" from Schedule A/B, line item 6 ("Household Goods"):  the Debtor values the Household Goods at $8,045.00.  The Debtor claims the Household Goods as exempt pursuant to 11 U.S.C. §522(b)(3)(B) owned as TBE with non-filing spouse.

2. "Keyko Technolgies, LLC" ("Keyko"): the Debtor values the stock in Keyko as unknown and claims 100% as exempt pursuant to Florida Constitutional personal property exemption.

### Objections

3. The Trustee objects to the claim of TBE in the Household Goods based on the existence of joint debt. On Schedule F, Line 2.1, the Debtor discloses $33,686.63 in debt to the IRS owed for 2018 personal income taxes of the Debtor and his non-filing spouse, Celina Chocron. See, e.g., In re Monzon, 214 B.R. 38, 41 (Bankr. S.D. Fla. 1997); In re Helm, Case No. 11-18801-BKC-EPK, 2012 WL 1616791 (Bankr. S.D. Fla. May 9, 2012); In re Schwartz, 362 B.R. 532, 535 (Bankr. S.D. Fla. 2007) ("It is possible for a bankruptcy trustee to reach tenancy by the entireties property to the extent of joints debts of both spouses …").

4. The Trustee does not object to the Debtor's use of the Florida Constitutional personal property exemption to exempt part of the value of the Keyko stock but requests that the schedules be amended to clarify that the Debtor is only able to utilize the remaining $325.00 of the Florida Constitutional personal property exemption. The Trustee continues to investigate the value of the Debtor's interest in the Keyko stock.

5. The Trustee reserves all her rights to amend or supplement the above-stated objections as may be warranted by developments in this case.

By: /s/ Mark Bonacquisti, Esq.
Mark Bonacquisti, Esq.
FLBN 0703257
mark@msbankrupt.com

By: /s/ Zachary Malnik, Esq.
Zachary Malnik, Esq.
FLBN 1010272
zachary@msbankrupt.com

The Salkin Law Firm
PO Box 15580
Plantation, FL 33318
954-423-4469

Case 21-19627-SMG    Doc 20    Filed 12/09/21    Page 3 of 3